This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

jk

Mailed: September 3, 2014

Opposition No. 91214145

*Birlinn Limited*

v.

*Angus Stewart*

Before Bucher, Mermelstein and Greenbaum,
    Administrative Trademark Judges.

By the Board:

Applicant Angus Stewart moved to dismiss this proceeding because the notice of opposition, as well as the requests for extension of time to oppose that preceded it, were signed by a foreign attorney who is not authorized to practice before the USPTO. As explained below, we defer our ruling on the motion to give the Opposer, Birlinn Limited, an opportunity to cure this defect. We also require the parties to provide us with additional information concerning a foreign proceeding which may have a bearing on this case and thus counsel suspension of this proceeding.

Background

Before instituting this opposition proceeding, two extensions of time were filed on behalf of Opposer by:

> FAO Shona Tennant
> Associate
> Anderson Strathern LLP
> 1 Rutland Court
> Edinburgh, EH3 8EY
> UNITED KINGDOM

The Board's ESTTA system[1] automatically granted both requests. Thus, neither request was examined by Board personnel. The same individual then used ESTTA to timely file a notice of opposition. The Board, again automatically through ESTTA, instituted this opposition.

Applicant's motion to dismiss, and the parties' arguments

Applicant filed a motion to dismiss the notice of opposition for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5),[2] on the ground that neither the extension requests nor the notice of opposition were filed and served by a person entitled to practice before the USPTO pursuant to Patent and Trademark Rules 11.14(a), (b) or (c). Applicant further argues that the defect is not curable, and, therefore, the opposition should be dismissed as a nullity.

Opposer's current counsel of record is an attorney authorized to practice before the USPTO, and she concurrently filed (1) an entry of appearance, (2) a brief contesting the motion, and (3) an amended notice of opposition. The allegations in the amended notice

---

[1] ESTTA is the Electronic System for Trademark Trials and Appeals, the Board's electronic filing system. *See* TBMP § 102.03 (2014).

[2] Fed. R. Civ. P. 12(b)(5) is applicable to Board proceedings by operation of Trademark Rule 2.116(a). However, as we determine, the circumstances underlying Applicant's motion to dismiss do not present the issue of insufficient service.

The Board has given no consideration to the materials beyond the pleadings that Applicant submitted with his motion, or that Opposer submitted with its brief.

of opposition are the same as in the original notice of opposition. The only differences are who signed it and the certificate of service.

In its brief, Opposer confirms that Shona Tennant is not authorized to represent others before the USPTO,[3] but maintains that this defect in the filing of the original notice of opposition is curable, and was in fact cured by the filing and service of the amended notice of opposition. Opposer relies on TBMP § 114.06 (2014), which provides:

> If it comes to the attention of the Board that an individual who is not entitled, under 37 CFR § 11.14(a), 37 CFR § 11.14 (b), 37 CFR § 11.14 (c) or 37 CFR § 11.14 (d), to practice before the Office in trademark cases, is attempting to represent a client in a Board proceeding, the Board will notify the individual that he or she is not entitled to do so. If the individual signs and files a submission on behalf of a client to a Board proceeding, the submission will not be considered unless a new copy thereof, signed by the party or by an authorized representative who is entitled to practice before the Office in trademark cases, is filed.

Opposer also argues that Applicant has suffered no prejudice.

In response, Applicant argues that the amended notice of opposition is untimely and that, accordingly, there is no operative notice of opposition to amend or to cure.

Analysis

This motion is not governed by Fed. R. Civ. P. 12(b)(5), which provides for a defense based on insufficient service of process. Neither the Patent and Trademark Rules nor the Trademark Rules of Practice require that service of a notice of opposition be effected or attested to by an individual authorized to practice under Patent and Trademark Rule 11.14. Notwithstanding the manner in which Applicant captioned and argued his motion, it does not in fact present the issue of whether service of the original notice of

---

[3] The Board will send a copy of this order to Ms. Tennant in order to provide notification.

opposition was insufficient.[4] The service of the notice in this case was consistent with the requirement set forth in Trademark Rule 2.101(a):

> An opposition proceeding is commenced by filing in the Office a timely notice of opposition with the required fee. The notice must include proof of service on the applicant, or its attorney or domestic representative of record, at the correspondence address of record in the Office, as detailed in §§ 2.101(b) and 2.119.

As we see it, the only issues posed by Applicant's motion to dismiss are whether the two requests for an extension of time to oppose, and the original notice of opposition, were signed in conformity with the Trademark Rules of Practice, and if they were not, whether and when the rules allow Opposer to cure the defect in the signature of these papers. These issues more properly are governed by Fed. R. Civ. P. 12(b)(6).

For requests for an extension of time to file a notice of opposition, Trademark Rule 2.102(a) provides, in relevant part:

> Any person who believes that he, she or it would be damaged by the registration of a mark on the Principal Register may file in the Office a written request, addressed to the Trademark Trial and Appeal Board, to extend the time for filing an opposition. The written request need not be verified, but *must be signed* by the potential opposer or *by the potential opposer's attorney, as specified in § 11.1 of this chapter, or authorized representative, as specified in § 11.14(b) of this chapter.* (emphasis added).

Similarly, for notices of opposition, Trademark Rule 2.101(b) provides, in relevant part:

> The opposition need not be verified, *but must be signed by* the opposer or *the opposer's attorney, as specified in § 11.1 of this chapter, or other authorized representative, as specified in § 11.14(b) of this chapter.*[5]

---

[4] The parties do not dispute that the notice of opposition was served on Applicant's counsel of record as indicated in the application, Sheryl De Luca of the United States law firm Nixon & Vanderhye PC.

[5] *See also* 37 CFR § 2.17(a), which states:

So we must determine whether Ms. Tennant is either an attorney or authorized representative under 37 CFR §§ 11.1 and 11.14(b). Turning to Patent and Trademark Rule 11.1, an attorney is defined therein as follows:

> *Attorney or lawyer* means an individual who is a member in good standing of the highest court of any State, including an individual who is in good standing of the highest court of one State and not under an order of any court or Federal agency suspending, enjoining, restraining, disbarring or otherwise restricting the attorney from practice before the bar of another State or Federal agency. A *non-lawyer* means a person who is not an attorney or lawyer.

Rule 11.14(b) provides:

> (b) **Non-lawyers**. Individuals who are not attorneys are not recognized to practice before the Office in trademark and other non-patent matters, except that individuals not attorneys who were recognized to practice before the Office in trademark matters under this chapter prior to January 1, 1957, will be recognized as agents to continue practice before the Office in trademark matters. Except as provided in the preceding sentence, registration as a patent agent does not itself entitle an individual to practice before the Office in trademark matters.

Opposer does not contend that Ms. Tennant qualifies as either an "attorney" under Rule 11.1 or as an "authorized representative" under Rule 2.102(a) and 11.14(b).[6] Thus, the extensions of time and the notice of opposition were not properly signed.

We now turn to the question of whether this defect can be cured, and if so, how. Although Trademark Rules 2.102(a) and 2.101(b) set forth, respectively, the signature

---

**Recognition for representation**.

(a) *Authority to practice in trademark cases.* Only an individual qualified to practice under § 11.14 of this chapter may represent an applicant, registrant, or party to a proceeding before the Office in a trademark case.

[6] Nevertheless, nothing in the record indicates (nor does Applicant argue) that Ms. Tennant was, *in fact*, unauthorized to act on Opposer's behalf or that she was *in fact* unauthorized to file requests for extensions of time or a notice of opposition.

requirements for requests for extension of time and notices of opposition, these rules do not provide that filings failing to satisfy these signature requirements are, for that reason alone, null and void. We find Trademark Rule 2.119(e), which provides a means by which a party can cure the defect of a lack of a signature, and which is applicable to every filing in a Board *inter partes* proceeding, to be instructive. It provides:

> Every paper filed in an inter partes proceeding, and every request for an extension of time to file an opposition, must be signed by the party filing it, or by the party's attorney or other authorized representative, *but an unsigned paper will not be refused consideration if a signed copy is submitted to the Patent and Trademark Office within the time limit set in the notification of this defect by the Office.*

(emphasis added).[7] We see no reason why the opportunity to cure provided under Trademark Rule 2.119(e) should not also apply to a filed paper that was signed by a person not authorized to practice before the USPTO.

Nor do we agree with Applicant that the filings that were not properly signed were incurable because the time for filing each of them has expired. Trademark Rule 2.119(e) does not require that a filing party cure a signature defect in a filed paper within the time that the party still has, or was originally allowed, to file the paper. It requires only that the party must re-file the properly signed copy "within the time limit set in the notification of this defect by the Office." To read into Rule 2.119(e) an additional requirement that any signature defect must be cured within the time remaining, if any,

---

[7] The Board has affirmatively stated: "While a request for an extension of time to oppose must be signed, an unsigned paper request will not be refused consideration if a signed copy is submitted to the Office within the time limit set in the written notification of this defect by the Board." *See* TBMP § 203.03 (2014).

to file the paper, would represent a significant change in the substance of the rule, one we do not believe we are authorized to make.

Even though the filing of the amended notice of opposition signed by Opposer's current counsel operated to cure the defect in the original notice of opposition and makes the amended pleading the operative pleading in this proceeding, we note that Rule 2.119(e) also applies, in mandatory terms, to requests for extension of time to oppose. Inasmuch as the record does not include properly-signed copies of the two requests for an extension of time to oppose, Opposer is allowed until <u>twenty days from the mailing date of this order</u> to file[8] properly-signed copies of these extension requests. If Opposer fails to submit properly-signed extensions of time to oppose within the time allowed, this proceeding may be dismissed. Accordingly, our ruling on Applicant's motion to dismiss is <u>deferred</u>.

We emphasize the narrowness of our holding here. Our decision is not a determination that the Board recognizes a person who is unauthorized to practice before the USPTO, or that the USPTO will accept papers filed by such a person in the condition in which they were filed. Nor does this ruling address a situation where a person unauthorized to practice before the USPTO has *knowingly* engaged in unauthorized practice before the USPTO. We reserve ruling on such a situation if and when it arises in a future case. Our ruling is limited to the issues presented, namely,

---

[8] Opposer should <u>not</u> file its properly-signed requests for an extension of time to oppose using the ESTTA form "Request for Extension of Time to File an Opposition." The automated system will not permit the filing of an extension after the close of the opposition period, as extended. Rather, Opposer may file the requests by regular mail or, preferably, it may file them in this proceeding via ESTTA using the "File Documents in a Board Proceeding" option, not the extension form.

whether the signatory defect in a paper that must be signed by the potential Opposer or by the potential Opposer's attorney, as specified in § 11.1, but was signed by a person not properly qualified, can, in circumstances where there is no evidence of intentional misconduct, be cured, and if so, whether it can be cured after the deadline for filing the paper. We find that, under the circumstances, Trademark Rule 2.119(e) provides for a defect of this type to be cured.

Response required regarding potential suspension

Trademark Rule 2.117(a) provides:

> Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a party or parties to a pending case are engaged in a civil action or another Board proceeding which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action or the other Board proceeding.

Opposer refers to a related proceeding in its notice of opposition as follows: "Birlinn has submitted an application for invalidation to the UKIPO. Currently the parties are producing evidence in relation to the same." The Board may suspend a proceeding pending final determination of a foreign action between the parties. *See Marie Claire Album S.A. v. Kruger GmbH & Co. KG*, 29 USPQ2d 1792, 1793-94 (TTAB 1993).

In view of this information, Opposer must, within twenty days from the mailing date of this order, file and serve a notice which sets forth the status of the referenced litigation, including a copy of the pleadings, so that the Board may ascertain whether the final determination in the UKIPO proceeding may have a bearing on the issues

before the Board.[9] *See* TBMP § 510 (2014). Applicant may respond, if desired, to such notice within ten days from the date Opposer serves such notice.

Proceedings otherwise remain suspended.


cc:     FAO Shona Tennant
        Associate
        Anderson Strathern LLP
        1 Rutland Court
        Edinburgh, EH3 8EY
        UNITED KINGDOM

---

[9] The pleadings need not be certified copies. Opposer may submit clean, legible photocopies.